# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GROUNDWORKS OF PALM BEACH
COUNTY, INC.,,**

                                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-1905-Orl-31DAB**

**GROUNDWORKS, INC. and RANDALL E.
FISH,**

                            **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　　**MOTION FOR DEFAULT JUDGMENT (Doc. No. 16)**
>
> **FILED:**　　　**December 28, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Plaintiffs sued Defendants, alleging trademark infringement under the Lanham Act and claims under state law for unfair competition and deceptive practices.  Doc. No. 1.  Plaintiff has obtained entries of default against the Defendants, who have failed to defend in the case.  Doc. Nos. 12, 15. Plaintiff now moves for final default judgment[1], a permanent injunction, and attorney's fees against these Defendants.

_____

[1]Plaintiff does not seek damages.

**Procedural History**

On December 15, 2006, Plaintiff Groundworks of Palm Beach County, Inc. filed a Complaint against Defendants Groundworks, Inc. and Randall E. Fish for trademark infringement, unfair competition, false designation of origin, and anti-dilution under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and claims under state law[2] for unfair competition and deceptive practices in copying Plaintiff's registered service and trade marks.  Doc. No. 1.  Plaintiff obtained a putative entry of default against Groundworks, Inc. on August 29, 2007, when it failed to respond to the Complaint. Doc. No. 12.  However, service of process on Groundworks, Inc. was defective (Doc. No. 10 at 2) at that point, having been served on Randall Fish's "daughter" who refused to sign for it and was presumably not a corporate officer authorized to accept service. *See* Fed. R. Civ. Pro. 4 (e)(1), (h)(1).

Thus, the Clerk should not have entered default at that point but the error was quickly corrected.  Effective service of process against Groundworks, Inc. was subsequently accomplished through personal service of the summons and Complaint on Randall E. Fish directly and as registered agent for Groundworks, Inc. on August 22, 2007.  Doc. No. 13.  Plaintiff obtained an entry of default against Randall E. Fish on October 31, 2007, when Mr. Fish (and Groundworks, Inc.) failed to respond to the Complaint.  Doc. No. 15.

Plaintiff has now moved for final default judgment against the Defendants.  Doc. No. 16. Neither Defendant has filed an opposition in this Court, and it is respectfully **RECOMMENDED** that Plaintiff's Motion for Final Default Judgment be entered against Defendants.

---

[2]The analysis under the Lanham Act for trademark infringement similarly applies to claims of unfair competition under Florida common law. *See Carnival Corp, v. SeaEscape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1264 n.2 (S.D. Fla. 1999) (citing *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991)).

**Default Judgment**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Defendants were both served with a summons and copy of Plaintiff's Complaint by August 22, 2007; however, Defendants did not file a timely response with this Court after they were served with process. The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default against them served to admit the well pleaded allegations of the Complaint, including that Defendants' infringement of Plaintiff's marks was willful. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

Because default effective August 22, 2007 has been properly entered against Defendants, they are deemed to have admitted the allegations made in Plaintiff's Complaint. Plaintiff Groundworks of Palm Beach, Inc. has been in the business of operating, and licensing others to operate, landscaping services and selling landscaping products throughout the United States and the State of Florida under the common law mark "Groundworks" continuously since May 1, 1986 (the "common law" mark). Doc. No. 1 ¶ 1. Groundworks is also the owner of two valid, subsisting, federally registered "Groundworks" marks assigned Registration Numbers 1488857 and 2922768, respectively (the "Federal Registrations"; or collectively with the common law mark, "Groundsworks' Marks"). Doc. No. 1 ¶¶ 8, 10. Groundworks has expended substantial time, effort, and financial resources in connection with the advertising, marketing, and promotion of its goods and services under Groundworks' Marks. Doc. No. 1 ¶ 13. Groundworks has also developed extensive goodwill, public

recognition, and secondary and distinctive meaning in and to Groundworks' Marks as exclusive identification of the goods and services offered by Groundworks. Doc. No. ¶ 14.

At all times relevant prior to Plaintiff's filing of the action, Defendants have been operating a landscaping business from Orlando, Florida, intentionally using in interstate commerce, or in a manner likely to substantially affect interstate commerce, a mark that was confusingly similar to Groundworks' Marks without authorization or license from Groundworks.  Doc. No. 1 ¶ 16.  In May 2002, May 2003, March 2004, and December 2006, Groundworks notified Defendants of Groundworks' rights in the Marks, and demanded that Defendants cease and desist their infringing use. Doc. No. 1 ¶ 17.  Prior to the commencement of this action, Groundworks also became aware of instances of actual confusion in which prospective customers of Groundworks were calling Defendants inquiring about Groundworks; however, Defendants were not correcting the actual confusion and were not directing those inquiries to Groundworks.  Despite being advised of these instances of actual confusion and despite being advised of their infringing use, Defendants did not cease their infringement, but rather continued to blatantly violate Groundworks' Marks. Doc. No. 1 ¶ 17.

**Injunctive Relief**

Plaintiff is also entitled to injunctive relief to prevent any future infringement of its trademarks. The Lanham Act permits the issuance of permanent injunctions to prevent future violations. 15 U.S.C. § 1116. Plaintiff need not introduce evidence of a threat of future harm when the Defendants have willfully infringed a plaintiff's trademarks. *See Polo Fashions, Inc. v. Dick Bruhm, Inc.*, 793 F.2d 1132, 1135-36 (9th Cir. 1986); *Vuitton Et Fils, S.A. v. Crown Handbags*, 492

F. Supp. 1071, 1077 (S.D. N.Y. 1979) ("mere possibility of infringement is sufficient to warrant a permanent injunction"), *aff'd*, 622 F.2d 577 (2d Cir. 1980).

As Plaintiff points out, Defendants' infringement continued after Groundworks repeatedly warned Defendants by letter of reported infringement (Doc. No. 1¶ 17) and explained the instances of actual confusion (*see* Doc. No. 17), which led Plaintiff to believe that Defendants would continue to violate Plaintiff's intellectual property rights in the future. Although Defendants appear to have now changed the name under which they are operating (Doc. No. 17 ¶ 7), this change occurred only after Groundworks filed suit, and Defendants have refused to enter into a non-monetary final judgment and permanent injunction by consent prohibiting further violations in the future.  Doc. No. 17.  It is respectfully **RECOMMENDED** that the Proposed Injunction[3] (Doc. No. 16 at 8) be entered.

**Attorney's Fees**

Plaintiff seeks an award of $7,844 in attorneys fees and $1,396.23 in costs for the prosecution of its claims against the Defendants.  15 U.S.C. § 11177(b). Under Section 35(a) of the Lanham Act, courts may award reasonable attorney fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a); *Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999). Exceptional cases are those where the infringing party acts in a "malicious, fraudulent, deliberate, or willful manner." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001) (reversing fee award that lacked sufficient factual findings); *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) (quoting 1974 U.S.C.C.A.N. 7132, 7133).

---

[3] The Proposed Injunction accurately sets forth the matters aside from improper service of process on Groundworks, Inc. which was subsequently cured and effective as of August 22, 2007; thus, default against both Defendants was effective as of October 31, 2007.  Doc. No. 15.

Plaintiff has established that Defendants have acted willfully in continuing the infringing conduct, even after Groundworks repeatedly warned Defendants the infringement and actual confusion.  Defendants did not change the infringing name of their business until *after* Groundworks filed suit. *See PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F.Supp.2d 1213 (S.D. Fla. 2004) (trademark holder was entitled to award of attorney fees under the Lanham Act's attorney fee provision where defendant acted willfully in registering domain names that were confusingly similar to the marks, continued to infringe even after receiving notice from the plaintiff, and defaulted after being served with suit).

Plaintiff has submitted the declaration of its counsel, Kathleen L. Klein, whose firm has expended 29.50 hours for work relating to the defaulted Defendants for pre-suit investigation, preparation of the lawsuit, negotiating with the Defendant Randall Fish (who failed to file an appearance in this Court) and preparation of the Motions for Default and Default Judgment.  Doc. No. 17 at 24-30.  Plaintiff seeks reimburse for 24.7 hours of Ms. Klein's time at rates of $245-260 per hour; for the 4.2 hours of partner Frederick D. Page's time at $365-385 per hour; and for 0.6 of an hour of a paralegal's time at $125 per hour.

While the hours expended by Ms. Klein are reasonable given the circumstances of this case, Mr. Page's oversight of some of Ms. Klein's work was redundant and should not be borne by Plaintiff's adversary.  Moreover, the work was primarily associate-level work on a simple, default judgment case, thus Mr. Page's time will not be reimbursed.  It is respectfully **RECOMMENDED** that Plaintiff be awarded $5,542.50 in attorney's fees for Ms. Klein's 24.7 hours at a reasonable market rate of $225 rate for a fifth year associate and for six-tenths of the paralegal time at $100 per hour.

Costs for service of summons, photocopies, and the court filing fee are reimbursable under the statute; however, Plaintiff should seek costs separately under a bill of costs on a form obtainable from the Clerk once judgment has been entered.  *See* Rule 54(d).  Costs for long distance telephone and online research are generally not recoverable and are considered overhead.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 17, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy